## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## KEY WEST DIVISION

CLAUDINE SWEETING,

     Plaintiff,

vs.                           Case No.:

SUNSET WATERSPORTS, INC., a
Florida Profit Corporation; KEY WEST
JETSKI, INC, a Florida Profit Corporation;
and RICHARD C. WELTER, Individually,

     Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, CLAUDINE SWEETING, ("Plaintiff"), hereby files this Complaint against Defendant, SUNSET WATERSPORTS, INC. ("SUNSET WATERSPORTS"), a Florida Profit Corporation, KEY WEST JETSKI, INC ('KEY WEST JETSKI"), a Florida Profit Corporation, and RICHARD C. WELTER ("WELTER"), an individual, (collectively "Defendants"), and states as follows:

## JURISDICTION

1.     Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq.) ("FLSA") to obtain a judgment against Defendants as to liability, recover unpaid wages, liquidated damages, and reasonable attorneys' fees and costs.

2.     The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331, as Plaintiff's claims arise under 29 U.S.C. §216(b).

3.     Venue in this Court is proper, as the acts and omissions in this Complaint

took place in this judicial district, and Defendants reside and regularly conduct business in this judicial district.

## **PARTIES**

1.     At all times material to this action, Plaintiff was a resident of Key West, Monroe County, Florida.

2.     At all times material to this action, SUNSET WATERSPORTS was, and continues to be, a Florida Profit Corporation.  Further, at all times material hereto, SUNSET WATERSPORTS was, and continues to be, engaged in business in Florida, with a principal place of business in Monroe County, Florida.

3.     At all times material to this action, KEY WEST JETSKI was, and continues to be, a Florida Profit Corporation.  Further, at all times material hereto, KEY WEST JETSKI was, and continues to be, engaged in business in Florida, with a principal place of business in Monroe County, Florida.

4.     Upon information and belief, at all times relevant hereto, SUNSET WATERSPORTS and KEY WEST JETSKI were Plaintiff's "integrated employer" under the FLSA, because they had: (i) Common management; (ii) Interrelated operations; (iii) Centralized control of labor relations; and (iv) Common ownership/financial control.

5.     At all times relevant hereto, SUNSET WATERSPORTS and KEY WEST JETSKI were Plaintiff's "joint employer," for the purposes of FLSA coverage, pursuant to 29 C.F.R. §825.106, because: (i) There was an arrangement between them to share employees' services or to interchange employees; (ii) Each of them acted directly or indirectly in the interest of each other in relation to Plaintiff; or, (iii) They were not and

are not completely disassociated with respect to the Plaintiff's employment, and shared control of Plaintiff, directly or indirectly, because each of them was under common control with each other.

6. SUNSET WATERSPORTS and KEY WEST JETSKI operate to provide rental watersports equipment and sale of recreational water experiences to residents and tourists in Key West.

7. SUNSET WATERSPORTS and KEY WEST JETSKI are currently listed with the Florida Department of State, Division of Corporations, as "Active" businesses. See Corporation search results for SUNSET WATERSPORTS and KEY WEST JETSKI attached hereto as Exhibits A and B, respectively.

8. SUNSET WATERSPORTS and KEY WEST JETSKI share the same mailing addresses of 6300 3rd Street, Key West, FL 33040.

9. SUNSET WATERSPORTS and KEY WEST JETSKI share the same registered agent.

10. Upon information and belief, Donald Kirkpatrick, and WELTER jointly operate and/or control both SUNSET WATERSPORTS and KEY WEST JETSKI.

11. Plaintiff's paychecks and paystubs were issued by KEY WEST JETSKI.

12. The location of Plaintiff's employment was SUNSET WATERSPORTS' call center, kiosks and desks.

13. Based on information and belief, at all times material hereto, Defendant WELTER was individual resident of the State of Florida, Monroe County.

14. At all times material hereto, Defendant WELTER was, and continues to be President of SUNSET WATERSPORTS, and a manager of KEY WEST JETSKI,

evidenced by his management of Plaintiff, who was paid by KEY WEST JETSKI.

15.     Defendant WELTER managed the day-to-day operations of SUNSET WATERSPORTS and KEY WEST JETSKI and regularly exercised the authority to: (a) hire and fire employees of SUNSET WATERSPORTS and KEY WEST JETSKI; (b) determine the work schedules for the employees of SUNSET WATERSPORTS and KEY WEST JETSKI; and (c) control the finances and operations of SUNSET WATERSPORTS and KEY WEST JETSKI.

16.     Defendant WELTER is an individual employer as defined by 29 U.S.C. §201, et seq., in that he acted, directly or indirectly, in the interests of SUNSET WATERSPORTS and KEY WEST JETSKI towards Plaintiff.

17.     At all times material to this action, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

18.     At all times material to this action, Defendants were Plaintiff's "employers" within the meaning of the FLSA.

19.     Defendants were, and continue to be, "employers" within the meaning of the FLSA.

20.     At all times material to this action, Defendant SUNSET WATERSPORTS was, and continues to be an enterprise engaged in the "handling, selling, or otherwise working on goods and materials that have been moved in or produced for commerce by any person" within the meaning of the FLSA.

21.     Based upon information and belief, the annual gross revenue of Defendant SUNSET WATERSPORTS was in excess of $500,000.00 per annum during the relevant time periods.

22.     At all times material to this action, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce such as telephones, jet skis, boats, and computers.

23.     At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

24.     In January 2018, Defendants hired Plaintiff to work as a non-exempt call center specialist.  In addition to working in the call center, Plaintiff was also sent to attend to hotel sales and to kiosks for Sunset Watersports.

25.     From when she was hired to at least March 2020, Plaintiff was paid an hourly rate for her work in the call center.  For her sporadic work at the hotel sales desk and at Defendants' kiosks, Plaintiff was paid commissions.

26.     Plaintiff's commissions were paid on checks that were separate from her hourly pay.

27.     At various times material hereto, Plaintiff worked for Defendants in excess of forty (40) hours within a workweek.

28.     From at least January 2018, through March 2020, Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single workweek.

29.     Instead, Defendants paid Plaintiff her hourly rate for her overtime hours, without any overtime premium.

30.     Defendants listed the pay for hours over forty as a "bonus" on Plaintiff's paychecks.

31.     Defendants should not only have paid an overtime premium on Plaintiff's hourly rate, but were also obligated to take into account any commissions Plaintiff earned when calculating the correct overtime premium.

32.     On a few occasions Plaintiff did receive overtime at a rate of 1.5 times her hourly rate, showing that Defendants were aware of their obligation to pay overtime premiums to Plaintiff.

33.     Plaintiff worked taking calls and making reservations for Sunset Watersports, in the Sunset Watersports' office.

34.     Plaintiff's paychecks were issued by Key West JetSki.

35.     Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for all hours that Plaintiff worked in excess of forty (40) hours per workweek, as required by the FLSA.

36.     Upon information and belief, the majority of Plaintiff's pay and time records are in the possession of Defendants.

37.     Defendants have violated Title 29 U.S.C. §207 from at least January 2018, through March 2020, in that:

      a.     Plaintiff worked in excess of forty (40) hours in one or more workweeks for the period of employment with Defendants; and

      b.     No payments or provisions for payment have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times her regular rate for all hours worked in excess of forty (40) hours per workweek, as provided by the FLSA due to the policies and practices described above.

38.     Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA was willful, as Defendants knew, or with reasonable diligence should have known, of the FLSA mandates and their applicability to Plaintiff's employment, but chose not to pay her at an overtime rate for all of her overtime hours.  In fact, this is clear because in a couple of weeks, Plaintiff did receive payment at 1.5 times her hourly rate for hours over forty.  However, in the overwhelming majority of weeks, the overtime hours were paid only at the hourly rate, with no premium, and falsely categorized as a "bonus."

39.     Defendants failed and/or refused to properly disclose or apprise Plaintiff of her rights under the FLSA.

<u>COUNT I</u>
<u>RECOVERY OF OVERTIME COMPENSATION</u>

40.     Plaintiff re-alleges paragraphs 1 through 39 of the Complaint, as if fully set forth herein.

41.     From at least January 2018 and continuing through March 2020, Plaintiff worked in excess of forty (40) hours in one or more workweeks for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

42.     Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) hours in a workweek for the period of three years preceding the date of the filing of the Complaint in this matter.

43.     Defendants failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

44.     Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff at the statutory rate of one and one-half times their regular rate of pay for the hours worked in excess of forty (40) hours per workweek when they knew, or with reasonable diligence should have known, such was, and is, due.

45.     Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered, and continues to suffer damages and lost compensation for certain hours worked over forty (40) hours in a workweek, plus liquidated damages.

46.     Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff requests a judgment entered in her favor and against Defendants for actual and liquidated damages, as well as, costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

### JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right.

Respectfully submitted this 11th day of September, 2020

_____
Angeli Murthy, Esq., B.C.S.
Florida Bar No.: 088758
amurthy@forthepeople.com
Morgan & Morgan, P.A.
8151 Peters Rd., 4th Floor
Plantation, Florida 33324
Telephone: (954) 318-0268
Facsimile: (954) 327-3016
*Attorneys for Plaintiff*